# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SYLVESTER LEWIS #B83885, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19−cv−00402−NJR |
| ) | |
| CORRECTIONAL OFFICER ) | |
| SHEHORN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Sylvester Lewis, an inmate of the Illinois Department of Corrections currently incarcerated at Pontiac Correctional Center, brings this action for an alleged deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts a deliberate indifference claim under the Eighth Amendment regarding the denial of medical treatment for a spider bite that occurred when he was incarcerated at Lawrence Correctional Center. He seeks monetary damages.

Plaintiff's First Amended Complaint[1] is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### Litigation History

As an initial matter, the Court notes that Plaintiff did not fully disclose his litigation history.

---

[1] Plaintiff's Complaint was received by the Court on April 11, 2019 (Doc. 1), and on May 9, 2019, he sought leave to file an Amended Complaint (Doc. 9), which was granted (Doc. 10).

The form that Plaintiff used for his Complaint specifically requires that a claimant list every lawsuit he has begun in state or federal court while in jail or prison. (Doc. 1, p. 3). The form specifically warns that failure to fully disclose litigation history may result in sanctions that include dismissal of the action. *Id.* Despite this warning, Plaintiff failed to disclose that he filed another prisoner civil rights case in this Court in December 2018. *See Lewis v. Stout*, 3:18-cv-02209-SMY (S.D. Il). In that case, Plaintiff also failed to fully disclose his litigation history and was warned that failing to disclose that case in future proceedings would result in summary dismissal for attempted fraud on the Court. *Id.* at Doc. 14, p. 4.

The Court will not dismiss this case based on that warning, because it appears Plaintiff did not receive that Order prior to signing the Complaint. The Order in 18-cv-02209 was entered on April 5, 2019. This case was received by the Court on April 11, 2019 (Doc. 1), but in the Complaint there is a notary acknowledgement of Plaintiff's signature dated April 4, 2019 (Doc. 1, p. 17). Plaintiff is, however, **WARNED** that failing to disclose his litigation history including *Lewis v. Tina*, 3:13-cv-797-MJR (S.D. Il), *Lewis v. Stout*, 3:18-cv-02209-SMY (S.D. Il), or the present case in future proceedings will result in summary dismissal for attempted fraud on the Court.

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: Plaintiff was bitten by a spider bite while sleeping. The bite woke him, and he killed the spider. His face became swollen, irritated, and painful. He notified Correctional Officer Shehorn about the spider bite and showed him the dead spider. He asked Shehorn for medical treatment numerous times over the next several hours, but Shehorn refused to allow him to go to the health care unit.

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate a single count:

Count 1: Eighth Amendment deliberate indifference to medical needs claim against Defendant for denying Plaintiff medical treatment for a spider bite.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

### Discussion

The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they respond to a prisoner's serious medical needs with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). For screening purposes, Plaintiff's spider bite, which resulted in swelling, irritation, and pain, will be considered a serious medical need. The allegations suggest that Shehorn responded to Plaintiff's spider bite with deliberate indifference. At this stage, Count 1 will proceed against Shehorn.

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** will proceed against Defendant **SHEHORN**. The Clerk of Court shall prepare for Defendant **SHEHORN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Memorandum and Order to defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 27, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your First Amended Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**