**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SYLVESTER LEWIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SAMUEL SHEHORN,**<br><br>**Defendant.** | **Case No. 19-CV-00402-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment filed by Defendant Samuel Shehorn (Doc. 51). Defendant seeks dismissal of this action on the merits (*Id.*). For the reasons set forth below, the Court grants the motion for summary judgment.

## RELEVANT FACTS AND ALLEGATIONS

In the Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff Sylvester Lewis claims that IDOC Correctional Officer Shehorn denied him adequate medical treatment at Lawrence Correctional Center for a spider bite on his face (Doc. 11). Following threshold review of this matter pursuant to 28 U.S.C. § 1915A, the Court allowed Lewis to proceed with an Eighth Amendment deliberate indifference claim against Shehorn because he denied Lewis medical treatment for the spider bite (Doc. 13).

Shehorn moved for summary judgment (Doc. 51). Shehorn sets forth the following undisputed facts in support of his motion: on October 7, 2018 around 2:40

a.m, Lewis noticed he had a spider bite on his face (Doc. 52, ¶ 5). His cheek was swollen, red, and blistered (*Id*. at ¶ 6). That same morning, at approximately 2:45 a.m., Shehorn came to Lewis's cell to collect food trays as part of his duties (*Id*. at ¶¶ 7, 12). As another part of Shehorn's duties, if an inmate requests medical care, he can contact the health care unit by phone or radio (Doc. 52, ¶ 15). During the interaction, Lewis told Shehorn he was bitten by a spider and needed medical attention (*Id*. at ¶ 8). Shehorn also wrote Lewis a ticket for Insolence and Disobeying a Direct Order because of a dispute over food trays (*Id*. at ¶¶ 9, 10; Doc. 79, p. 2).

Later that morning, at 7:05 a.m., Correctional Officer Michael Clark wrote an incident report indicating that Lewis informed him of the bite and requested a nurse (Doc. 52, ¶¶ 16, 17). The nurse quickly visited Lewis and provided him with treatment until he could see a doctor (*Id*. at ¶ 18). The following day, a doctor saw Lewis and treated him (*Id*. at ¶ 19). Medical records indicate he was also seen by health care staff and provided treatment for the bite on October 10, 11, 18, and 22, 2018 (*Id*. at ¶ 14). Health care staff noted on October 11, 2018 that Lewis's right cheek appeared red and irritated and that multiple layers of skin were "off" (*Id*. at ¶ 21).

## LEGAL STANDARD

Summary judgment is "the put up or shut up moment in a lawsuit" where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere conclusory allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 232-24.

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). While the Court must view the evidence and draw all reasonable inferences in favor of the opposing party, "[i]nferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors[.]" *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

## DISCUSSION

This case involves a single Eighth Amendment claim for deliberate indifference

against Shehorn because he denied Lewis medical treatment for the spider bite. Claims for deliberate indifference have an objective and a subjective component. *Estelle v. Gamble*, 429 U.S. 97 (1976). Lewis must establish that he suffered from an objectively, sufficiently serious medical condition. *Cesal v. Moats,* 851 F.3d 714, 721 (7th Cir. 2017). Shehorn readily admits that a spider bite can be a serious medical condition (Doc. 52, p. 8). Lewis must also show that Shehorn actually knew of, but disregarded, a substantial risk to the inmate's health. *Cesal,* 851 F.3d at 721.

It is well-settled that mere negligence is not enough to establish a Defendant's deliberate indifference. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). In fact, even gross negligence is insufficient. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Instead, deliberate indifference is comparable to criminal recklessness. *Thomas v. Blackard,* 2 F.4th 716 (7th Cir. 2021) (citing *King*, 680 F.3d at 1018). "'Reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002) (quoting *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Based on the facts, even facts disputed by Shehorn, no reasonable juror could draw this inference. Lewis alleges that Shehorn ignored his request for treatment after showing him the bite because he would not give Shehorn a food tray. While both

parties agree that Lewis's cheek presented as swollen, red, and blistered, it cannot be said that Shehorn knew that ignoring the bite was so dangerous, or so excessively risky, to Lewis's health and safety that he was deliberately indifferent. To be sure, ignoring Lewis's bite with the facts presented constituted some degree of negligence, and the Court is disturbed by the allegation that Lewis was denied treatment over a food tray. Nevertheless, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment" as required under the Eighth Amendment. *Farmer*, 511 U.S. at 837-38.

Shehorn also argues that he is entitled to qualified immunity. Qualified immunity shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*. It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

The qualified immunity test has two prongs: (1) whether the facts shown, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *See Pearson*, 555 U.S. at 232.

*See also Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999). To be "clearly established' a right must be defined so clearly that every reasonable official would have understood that what he was doing violated that right." *Dibble v. Quinn*, 793 F.3d 803, 808 (7th Cir. 2015) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). There need not be a case directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The right must be established "not as a broad general proposition." *Reichle*, 566 U.S. at 664. Instead, it must be "particularized" such that the "contours" of it are clear to a reasonable official. *Id*. That is, "existing precedent must have placed the statutory or constitutional question beyond debate." *Carroll v. Carmen*, 135 S.Ct. 348, 350 (2014).

Here, no reasonable juror could conclude that Shehorn was deliberately indifferent to Lewis's serious medical needs. In the absence of a constitutional violation, he is entitled to summary judgment.

## CONCLUSION

Accordingly, the Court **GRANTS** the Motion for Summary Judgment (Doc. 23) and Plaintiff Sylvester Lewis's claim against Defendant Samuel Shehorn is **DISMISSED with prejudice**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 26, 2021**

***s/ Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**